UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:                                  )
                                        )          Chapter 7
EDWARD T. McCOMBER,                     )          Case No. 09-43193
                                        )
Debtor.                                 )
_____ )

**MEMORANDUM OF DECISION**

In this case, the Debtor, Edward T. McComber, seeks to amend his schedules to add a Massachusetts homestead exemption. The Trustee objects, arguing first that the amendment should be denied because it is sought in bad faith, and second that if the homestead exemption is allowed, it should not be interpreted to include a contiguous parcel of land not mentioned in the Declaration of Homestead. For the reasons set forth herein, the amendment is allowed, but the homestead exemption is limited to the property specifically described in the Declaration of Homestead, namely the Water Street parcel.

**Undisputed Facts**

There are two parcels of real property at issue here. The first, hereinafter the "Water Street parcel," is located at 54 Water Street, Tewksbury, Massachusetts; the Debtor's home is on this parcel. The second, hereinafter the "Oak Street parcel," is adjacent to the Water Street parcel, borders Oak Street in Tewksbury, and is apparently unimproved. The Water Street parcel was deeded to the Debtor and his non-debtor spouse in 1998, and the Oak Street parcel was deeded to the Debtor and his spouse in 2001. The Debtor stated at hearing that from 2001 to the present, the two parcels were treated as one for tax purposes.

On July 13, 2009, the Debtor filed a Declaration of Homestead in the Middlesex North

Registry of Deeds. The Declaration described "54 Water Street, Tewksbury, MA" as the premises, and provided as a title reference the 1998 deed conveying the Water Street parcel to the Debtor and his wife.

The Debtor filed his bankruptcy petition on August 5, 2009. Soon thereafter, he filed a Schedule C ("Property Claimed as Exempt") in which he claimed the federal homestead exemption of $20,200.00 in a property described as "single family used as residence 54 Water St., Tewksbury, MA." No other real property was mentioned.

The Trustee filed an Objection (docket # 22) to the debtor's exemptions, citing inconsistencies in the Debtor's representations of the balance owed on the mortgage (and thus a question regarding the amount of equity the claimed exemption would protect). The Objection also pointed out that "the Debtor co-owns an adjacent parcel of land on Oak Street, Tewksbury, Massachusetts . . . which appears not to be subject to any mortgage. This parcel is not listed in the Debtor's schedules, nor is it claimed as exempt." Trustee's Objection to Claimed Exemptions at para. 8.

The Debtor did not file a response to the Trustee's Objection. Instead, he filed a motion to amend his schedules, docket # 25. In the proposed amended Schedule C, the Debtor eliminated the federal homestead exemption of $20,200.00, and replaced it with a homestead exemption under the Massachusetts homestead statute, M.G.L. ch. 188, §1, in the amount of $215,000.00. The Trustee promptly objected. A hearing on both the Trustee's Objection to Exemptions and also the Motion to Amend and Objection thereto was held on December 10, 2009.

**Amendment of Schedules**

The first issue the Court must decide is whether or not the Debtor may amend his Schedules to utilize the Massachusetts homestead exemption. The Trustee objects to the amendment, stating that "the attempt to amend exemptions after the Trustee has expressed an intention to administer the property prejudices creditors and the bankruptcy estate" and cites two cases, *Hannigan v. White* (*In re Hannigan*), 409 F. 3d 480 (1st Cir. 2005) and *In re Newton*, Docket No. 01-031 (1st Cir. B.A.P. 2002) (slip opinion), in support of his reading of the burden faced by the Debtor in amending schedules. Trustee's Objection to Motion to Amend at 2. At hearing, the Trustee also asserted that the amendments were made in bad faith, in an attempt to frustrate the Trustee's administration of the estate.

The Debtor filed no written response to the Trustee's objection, but at the hearing, he made two points. First, in response to the Trustee's claim that the amendment would prejudice the administration of the estate, counsel for the Debtor asserted that no significant costs had yet been incurred in the administration of the estate, and that therefore the amendment should be allowed if made in good faith. Second, counsel for the Debtor argued that the amendment (and the failure to utilize the state exemption in the original schedules) was in good faith because it was the Debtor's intent to use the state exemption "from the beginning" (i.e. the petition date), evidenced by the fact that the homestead was recorded just "days before the bankruptcy was filed."

According to the First Circuit in *Hannigan*, "Rule 1009(a) of the Federal Rules of Bankruptcy Procedure permits a debtor to amend a schedule 'as a matter of course at any time before the case is closed.' However, a bankruptcy court has discretion to deny the amendment of

exemptions where the amendment would prejudice creditors or where the debtor has acted in bad faith or concealed assets." 409 F.3d at 481-82. There are thus two potential reasons the Court could deny an amendment: prejudice to creditors or bad faith. The burden is on the Trustee to show one of these by clear and convincing evidence. *Newton* at *3. In determining prejudice to creditors, "the appropriate inquiry is not whether a creditor will recover less or be adversely affected by the amendment; instead, a court must determine whether the creditor would be adversely affected by having detrimentally relied on the debtor's initial position." *Id*. at *5. In order to rise to the level of bad faith, "mere carelessness or oversight [is not] sufficient . . . . [but] bad faith may encompass intentional misconduct that, in retrospect, was not in the actor's best interest." *Hannigan*, 409 F.3d at 483.

The Trustee stated at hearing that unsecured creditors would be prejudiced by the application of the state exemption, because the federal exemption would leave approximately $50,000.00 in equity for distribution to creditors that the state exemption would not (the debtor's one-half interest in the real property at issue includes about $70,000.00 in equity). However, as *Newton* establishes, merely an adverse effect on creditors does not amount to "prejudice." The Trustee has not shown that any creditor detrimentally relied on the Debtor's use of the federal exemption, so he has failed to carry his burden of showing prejudice.

The Trustee's remaining avenue to block the amendment would be a showing of "bad faith" on the part of the Debtor. However, there is nothing on the record to suggest that the Debtor's decision to switch to the Massachusetts exemptions was done for any reason other than to correct a mistake he made earlier in the case, *i.e.*, electing to use the federal exemptions. As the Trustee has failed to carry his burden, the amendment is allowed insofar as it claims a

4

homestead exemption under Massachusetts law in the 54 Water Street parcel.

**Application of the Homestead to the Oak Street Parcel**

The second issue the Court must decide is whether the Debtor's homestead exemption, claimed under Massachusetts law, applies to the Oak Street parcel. The Debtor argues that the Water Street and Oak Street parcels "merged by operation of law," and therefore the description of "54 Water Street, Tewksbury, MA" in the Declaration of Homestead was sufficient to cover both parcels. The Trustee responds that the homestead exemption does not apply to the Oak Street parcel because the Declaration of Homestead does not specifically identify the Oak Street parcel and that "merging title to separate lots . . . does not happen by mere common ownership or tax assessment: it requires a conveyance of both lots by a single deed." Trustee's Memorandum in Opposition to Debtor's Motion to Amend Schedules (docket # 42) at para. 13.

The objecting party bears the burden of proving that a claim of exemption is invalid. Fed. R. Bankr. P. 4003(c). The Massachusetts Supreme Judicial Court has stated that "the State homestead exemption should be construed liberally in favor of the debtors." *Dwyer v. Cempellin*, 424 Mass. 26, 29-30 (Mass. 1996). "However, despite the liberal construction rule, a declarant must comply with the explicit statutory filing requirements in order to obtain an estate of homestead." *In re Perry*, 357 B.R. 175, 178 (1st Cir. B.A.P. 2006).

Chapter 188, section 2 of the Massachusetts General Laws states:

To acquire an estate of homestead in real property, the fact that it is designed to be held as such shall be set forth in the deed of conveyance by which the property is acquired; or, after the title has been acquired, such design may be declared by a writing duly signed, sealed and acknowledged and recorded in the registry of

deeds for the county or district in which the property is situated.

Accordingly, the Court's decision in this case turns on whether the recorded Declaration of Homestead was sufficient to "set forth" that the Oak Street parcel was "designed to be held as [an estate of homestead]."

The Court need not resolve the question of whether, as a matter of law, the titles to the two parcels merged into one; instead, the Court must merely determine whether the circumstances of the case, including but not limited to the various documents filed with the Registry of Deeds, were sufficient to provide notice that a reference to "54 Water Street, Tewksbury, MA," together with a title reference to the 1998 deed, meant both the Water Street and the Oak Street parcels. Allowing the Debtor the benefit of a liberal interpretation, the answer to this question is "no."

It is undisputed that the Water Street parcel was conveyed to the Debtor and his spouse as tenants by the entirety, by a deed dated January 19, 1998. This deed contains a metes-and-bounds description of the Water Street parcel, and makes no reference to the Oak Street parcel. On July 25, 2001, a separate deed was filed purporting to convey the Oak Street parcel to the Debtor and his spouse. The essence of the Debtor's argument is that the 1998 deed had been intended to convey the Water Street and Oak Street parcels together, and that "[l]ater, in 2001, in order to remediate the possible defect, a curative deed was recorded." Memorandum in Support of Debtor's Motion to Amend Schedules at 4. The Debtor adds that even though the parcels remained separately deeded until the present day, a title search of the Oak Street property would reveal that they had a history of common ownership, supposedly alerting an interested party to

6

the fact that a homestead applied to both of them.[1]

The Court is unconvinced. The Declaration of Homestead makes two references to the property to which it applies: a street address and a title reference . The Debtor's Declaration of Homestead not only refers to the street address of the Water Street parcel, but also makes specific reference to the 1998 deed by which the Water Street parcel was conveyed to the Debtor. Notwithstanding the Debtor's claim that the 1998 deed was "arguably defective," the Court finds no ambiguity on the face of the deed: it refers only to the Water Street parcel. Furthermore, there is nothing in the 2001 deed to suggest that it was a "curative" deed, as the Debtor claims. The 2001 deed makes no reference to the 1998 deed, but instead appears to reflect a wholly distinct transaction.

The Court notes that the Debtor had multiple opportunities to make clear that the Declaration of Homestead applied to the Oak Street parcel, but failed to do so. The most straightforward means would have been specifically to reference the Oak Street parcel in the Declaration of Homestead. This could have been accomplished either by modifying or adding to the listed street address, referencing the 2001 "curative" deed in the title reference, or both. The issue is not one of intent; it is a question of statutory compliance.

Although the Debtor is entitled to a liberal reading of the facts, such a reading cannot

---

[1] The Debtor relies heavily upon the Massachusetts Supreme Judicial Court case *Guillette vs. Daly Dry Wall, Inc.*, 367 Mass. 355 (1975), which stands for the principle that restrictions on real property will bind subsequent transferees if they would be discovered in a duly executed title search. This valid principle does not apply to the instant case. In this situation the title searcher would still be faced with the underlying problem that the Declaration of Homestead does not refer to the Oak Street property, as required by M.G.L. ch. 188, § 1, and therefore does not place the world on notice that an estate of homestead applies to that parcel as well as the Water Street parcel.

7

defeat the "explicit statutory filing requirements" of the Massachusetts homestead statute. *Perry*, 357 B.R. at 178. The Court finds that the Declaration of Homestead is inapplicable to the Oak Street parcel.

In accordance with the foregoing, the Debtor's Motion to Amend Schedules is ALLOWED, however the Debtor's homestead exemption is limited to the Water Street parcel and does not apply to the Oak Street parcel.

A separate order will issue.

Dated: January 12, 2010          _____
                                  Joel B. Rosenthal
                                  U.S. Bankruptcy Judge